INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, LOCAL UNION NO. 348, APPELLANT, *v.* KOHN BEVERAGE COMPANY, APPELLEE.

(No. 11436—Decided April 4, 1984.)

*Robert B. Laybourne,* for appellant.
*Harry A. Tipping,* for appellee.

BAIRD, P.J. Plaintiff-appellant, the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 348 ("the Union"), requested arbitration of grievances filed concerning the discharge of twenty-five employees. Defendant-appellee, Kohn Beverage Company ("Kohn Beverage"), refused to arbitrate; and, on September 3, 1982, the Union filed this action to enforce arbitration pursuant to R.C. 2711.03. On September 7, 1982, the clerk sent a copy of the Union's petition to Kohn Beverage by certified mail as provided in Civ. R. 4.1(1). Kohn Beverage moved to dismiss alleging that the Union had failed to comply with the notice requirements of R.C. 2711.03. The lower court dismissed the petition and the Union appeals.

Assignment of Error

"The trial court erred when it sustained the defendant's motion to dismiss by finding that a party seeking enforcement of an arbitration agreement must serve the party refusing to arbitrate five (5) days' notice in writing of its intent to petition the court for such relief and that failure to give said notice will defeat the claim to enforce arbitration."

R.C. 2711.03 provides in part:
"The party aggrieved by the alleged

failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided for the service of a summons. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement. If the making of the arbitration agreement or the failure to perform it is in issue, the court shall proceed summarily to the trial thereof. If no jury trial is demanded, the court shall hear and determine such issue. When such an issue is raised, either party may, on or before the return day of the notice of application, demand a jury trial of such issue. * * *"

The lower court construed the notice provision to require "the party demanding arbitration to serve upon the party refusing to arbitrate a five day notice in writing of its intent to petition the court for such relief." The provisions of R.C. 2711.03 mirror those of the Federal Arbitration Act, *e.g.,* Section 4, Title 9, U.S. Code. In construing that Act to determine whether service of the five days' notice was proper, federal courts have held that "* * * the sole function of process in this case [is] * * * to notify the appellant *that proceedings [have] * * * commenced. * * *"* (Emphasis added.) See, *e.g., Victory Transport, Inc.* v. *Comisaria General* (C.A. 2, 1964), 336 F. 2d 354, 364. See, also, *Atlanta Shipping Corp.* v. *Cheswick-Flanders & Co.* (S.D.N.Y. 1978), 463 F. Supp. 614, 618.

This language indicates that the five days' notice provision is not a prerequisite to the filing of the petition to enforce arbitration, but, instead, is intended to be a vehicle to apprise the party refusing to arbitrate of the filing of the petition and the date of the hearing thereon. See *Hamilton Life Ins. Co. of New York* v. *Republic Natl. Life Ins. Co.* (S.D.N.Y. 1968), 291 F. Supp. 225, affirmed (C.A. 2, 1969), 408 F. 2d 606, where the petition was filed on December 11, 1967, and notice was dated December 12, 1967. We also observe that the trial court's construction of the notice requirement in R.C. 2711.03 could require the parties to make a jury demand before any petition is filed with the court. We conclude, therefore, that the party seeking to enforce an arbitration agreement must serve notice of the filing of the application to compel arbitration five days before a hearing on that application, not five days before the application is filed. Accordingly, we reverse the decision of the trial court and remand for further proceedings.

*Judgment reversed and cause remanded.*

QUILLIN and GEORGE, JJ., concur.